UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ANDERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>B. MENDOZA, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-1244 KJM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his due process rights when he was validated as a member of the Northern Structure prison gang and placed in a Secured Housing Unit ("SHU"). Presently before the court is defendants' motion to dismiss. (ECF No. 16.) For the reasons set forth below the court will grant the motion to dismiss.

## BACKGROUND

**I.　　Factual Background**

Plaintiff is a state prisoner currently incarcerated at California State Prison, Los Angeles. Plaintiff was incarcerated at California State Prison, Sacramento ("CSP-SAC") when he was validated as a member of the Northern Structure prison gang. (ECF No. 1 at 10.)

Plaintiff alleges that he was validated as a member of the Northern Structure prison gang in violation of his due process rights. (Id. at 3.) He claims defendants failed to provide a staff

assistant, relied on faulty source items, falsified documents, refused to give him an interview, and denied him access to the law library or law books to read to refute the charges. (Id. at 5-7.) Plaintiff denies involvement in any prison gang and claims he was validated in retaliation for a falsified charge of bribing a correctional officer for phones and marijuana.

**II.     Procedural History**

Plaintiff was validated as a member of the Northern Structure prison gang in January 2013 while housed at CSP-SAC. (ECF No. 1 at 34.) Plaintiff filed an administrative appeal challenging the validation decision, which was denied at all three levels. Plaintiff filed a state habeas petition regarding his gang validation in the Del Norte County Superior Court. (Id. at 55-65.) The respondent filed an informal response to plaintiff's petition. (Id. at 67-72.) The superior court issued a reasoned denial of plaintiff's petition. (Id. at 82-84.) Plaintiff's petition to the California Court of Appeal was denied, as was his petition to the California Supreme Court. (Id. at 127-29.)

Thereafter, plaintiff filed a federal habeas petition in the Northern District of California, Anderson v. Ducart, 15-cv-4010 JST. (Id. at 183.) The petition was dismissed pursuant to Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc) and without prejudice to plaintiff refiling as a civil rights action.

Plaintiff initiated the present action seeking damages and injunctive relief for the alleged violation of his due process rights. (ECF No. 1.) The court screened the complaint and found plaintiff stated a potentially cognizable claim for violation of his due process rights during his initial validation as a gang member. (ECF No. 7 at 5.) In response to service of the complaint defendants filed the instant motion to dismiss. (ECF No. 16.) Plaintiff filed an opposition (ECF No. 19) and defendants filed a reply (ECF No. 20).

**III.    Defendants' Motion to Dismiss**

Defendants argue the court should dismiss this action because plaintiff's §1983 claim is barred by res judicata. (ECF No. 16.) Additionally, they claim plaintiff has failed to plead a cognizable due process claim, they are immune from suit in their official capacity, and they are entitled to qualified immunity.

2

### IV. Plaintiff's Opposition

Plaintiff argues the court should deny the motion to dismiss because his federal habeas petition was not decided on the merits, the evidence used to validate him was manipulated by defendants, he was validated in retaliation after he was accused of bribing a correctional officer, and his validation is invalid based on settlement agreements in two separate actions which determined the validation process was unconstitutional. (ECF No. 19.)

### V. Defendants' Reply

Defendants argue in their reply that plaintiff's claim that he was denied due process during the validation process is barred by res judicata because it arises from the same cause of action as his previous state habeas petition. (ECF No. 20.) Defendants argue plaintiff does not dispute that this case and his prior habeas case arise from the same cause of action. (ECF No. 20 at 2.) Defendants further argue that plaintiff's reliance on Ashker (Ashker v. Brown, 2013 WL 1435148, No. C-09-5796 (N.D. Cal. Apr. 9, 2013)) is misplaced because it did nothing to change the "some evidence" standard used to validate plaintiff and plaintiff's claims were unaffected by the Ashker settlement. (Id.)

## LEGAL STANDARDS

### I. Standard of Review on Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court must accept as true the allegations of the complaint, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). A pro se complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic

////

recitation of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678.

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium). The court must give a pro se litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may 'generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citing Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)).

**II.     Res Judicata Principles**

The doctrine of res judicata, or claim preclusion, "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." United Staes v. Tohono O'Odham Nation, 563 U.S. 307, 315 (2011) (citation and internal quotation marks omitted). Under the Full Faith and Credit Statute, 28 U.S.C. § 1738, a federal court must accord a state judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was entered. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 83 (1984) (state court final judgments are entitled to claim preclusion in federal § 1983 actions); accord, Allen v. McCurry, 449 U.S. 90, 103-04 (1980) (state court final judgments are entitled to issue preclusion in federal § 1983 actions); Clark v. Yosemite Comm. College Dist., 785 F.2d 781, 788 n.9 (9th Cir. 1986) (collecting cases).

////

In determining whether a state court decision is preclusive, federal courts are required to refer to the preclusion rules of the relevant state. Miofsky v. Superior Court of California, 703 F.2d 332, 336 (9th Cir. 1983). Accordingly, California claim preclusion law governs whether, in light of his earlier state habeas petition, plaintiff's § 1983 claims may be brought in federal court.

In Furnace v. Giurbino, 838 F.3d 1019 (9th Cir. 2016), the Ninth Circuit held that a petition for writ of habeas corpus filed in California state court can have a claim preclusive effect on a subsequent §1983 action if the second suit involves: (1) the same cause of action (2) between the same parties or parties in privity with them (3) after a final judgment on the merits in the first suit. Furnace, 838 F.3d at 1023.

The contours of a "cause of action" under California law are determined by application of the "primary rights doctrine." Under this doctrine a "cause of action" is defined as: "(1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty." Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009) (citations and internal quotation marks omitted). "Under California law, the claim arises from the harm suffered, as opposed to the particular theory of the litigant. Even when multiple legal theories for recovery exist, one injury gives rise to only one claim for relief." Eichman v. Fotomat Corp., 759 F.2d 1434, 1438 (9th Cir. 1985) (citing Slater v. Blackwood, 15 Cal. 3d 791, 794-95 (1975)).

"California claim preclusion law . . . prevents ligitation 'between the same parties or parties in privity with them.'" Furnace, 838 F.3d at 1028 (quoting DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 824 (2015)). Privity is a legal conclusion which designates a person "so identified in interest with a party to former litigation that he represents precisely the same right" being adjudicated. In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997) (quoting Southwest Airlines Co. v. Texas Int'l Airlines, Inc., 546 F.2d 84, 94 (5th Cir. 1977)); Nordhorn v. Ladish Co., 9 F.3d 1402, 1405 (9th Cir. 1993) ("[W]hen two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other.") (citation omitted).

////

"A judgment is on the merits for purposes of res judicata if the substance of the claim is tried and determined." Johnson v. City of Loma Linda, 24 Cal.4th 61, 77 (2000) (citation and internal quotation marks omitted).

In the related doctrine of collateral estoppel (also known as issue preclusion), "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen, 449 U.S. at 94. "'A prior judgment operates as a bar against a second action upon the same cause, but in a later action upon a different claim or cause of action, it operates as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action.'" Taylor v. Hawkinson, 47 Cal. 2d 893, 895-96 (1957) (quoting Sutphin v. Speik, 15 Cal. 2d 195, 202 (1940)).

## ANALYSIS

### I. Does Res Judicata Bar Plaintiff's Claims?

Defendants argue plaintiff's claim is barred by res judicata because it arises from the same cause of action as his previous state habeas petition. Plaintiff's petition for writ of habeas corpus filed in California state court serves as a bar to plaintiff's present § 1983 action if this claim involves: (1) the same cause of action (2) between the same parties or parties in privity with them (3) after a final judgment on the merits in his habeas action. Furnace, 838 F.3d at 1023.

#### A. Same Cause of Action

In his state habeas petition plaintiff claimed that his validation as a member of the Northern Structure prison gang violated his right to due process because it was not supported by some evidence and he was not provided with an interview prior to the validation. Here, plaintiff's § 1983 claim alleges prison officials violated his due process rights by improperly validating him and placing him in the SHU because it was not supported by some evidence, he was not given a staff assistant, he was not given an interview, and he was denied resources to refute the charges.

In Gonzales v. California Dep't of Corr., 739 F.3d 1226, 1231 (9th Cir. 2014), the Ninth Circuit affirmed dismissal of retaliation, First Amendment, and equal protection claims under § 1983 brought by a prisoner following his validation as a prison gang member and confinement to

a secured housing unit. Gonzales previously challenged his validation and secured housing confinement in a state habeas petition. Id. at 1229. The court reasoned that Gonzales' § 1983 claims and state habeas petition sought to vindicate the same primary right ("his protected liberty interest in remaining free from SHU placement") and implicated the same primary duty on the part of the prison and its officials (the duty "not to deprive Gonzales of liberty without due process of law"), and determined that the federal claims were barred by California's res judicata rule. Id. at 1233-34.

Here, plaintiff's § 1983 claims and state habeas petition both sought to vindicate his liberty interest in remaining free from gang validation and SHU placement and both implicated the duty on the part of defendants not to deprive plaintiff of his liberty without due process. "'If two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.'" Id. at 1233 (quoting Eichman, 147 Cal. App. 3d at 1174). Even though plaintiff seeks different relief in this action and has pled a slightly different theory of recovery, he is pursuing a claim based on the same injury (his validation and SHU placement) and the same wrong by defendants (the denial of due process during his validation).

Further, plaintiff's argument that he was not provided a full and fair opportunity to litigate the claims related to his allegations that he was not provided an interview and should have been given a staff assistant in the prior proceeding are not persuasive. See Clark v. Yosemite Cmty. Coll. Dist., 785 F.2d 781, 786 (9th Cir. 1986) ("[A]n opportunity to reach the merits is sufficient to invoke a preclusive effect."); Gonzales, 739 F.3d at 1231 ("reasoned denials of California habeas petitions . . . do have claim-preclusive effect"). Plaintiff presented those allegations in his state habeas petition and his reply to the Attorney General's response. "The fact that one of plaintiff's legal theories in the instant case . . . was not fully addressed by the superior court does not mean that he is asserting a different 'primary right.'" Horton v. Bradbury, No. C 16-6411 WHA (PR), 2017 WL 8793339, at *3 (N.D. Cal. Dec. 7, 2017). Additionally, it does not matter

////

that plaintiff did not have the opportunity to litigate the claim in a federal forum. Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir. 1993).

Accordingly, the first prong of California's res judicata test is satisfied because plaintiff's due process claims in his state habeas proceedings and this action are the same cause of action for purposes of California claim preclusion.

### B. Identity or Privity of Parties

In his state habeas action, plaintiff sought relief against the Pelican Bay State Prison Warden Barns. He also raised specific allegations against defendant Investigative Services Unit Officer Mendoza, as well as the Institutional Gang Investigators staff in general. (ECF No. 1 at 49, 51.) Here, he names as defendants Mendoza, Lt. Steward, Sgt. Gomez, Special Agent G. Williams, and Special Agent R. Burt all of whom were involved in his validation, as well as CSP-SAC Warden Tim Virga. (Id. at 1-2.)

Privity exists between officers of the same government so that a judgment in a suit between a party and a representative of the government is res judicata in relitigation of the same issue between that party and another officer of the government. Church of New Song v. Establishment of Religion on Taxpayers' Money, 620 F.2d 648, 654 (7th Cir. 1980). The respondent in plaintiff's former habeas action is in privity with the defendants in this action because they are officers of the same state government and agency. See Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and an officer of the government.") See also Hutchison v. California Prison Indus. Auth., No. 13-cv-4635 CW, 2015 WL 179790, at *3-4 (N.D. Cal. Jan. 14, 2015) (privity existed between state prison system employees who were employed by same state agencies and engaged in the same conduct). Also, plaintiff was the petitioner in his prior habeas petition and is the claimant in this action.

The second prong of California's res judicata test is satisfied because the defendants in this action and the respondent in plaintiff's prior habeas case are in privity.

////

**C. Final Judgement on the Merits**

Reasoned denials of state habeas petitions, such as the denial of petitioner's superior court habeas petition, is a decision on the merits for the purpose of res judicata. See Gonzales, 739 F.3d at 1231. The denial is also final insofar as his petitions were also denied in the California Court of Appeal and the California Supreme Court. Thus, the final prong of California's res judicata test is satisfied because the superior court rendered a final judgment on the merits.

Plaintiff's lawsuit under §1983 challenging prison officials' decision to validate him as a Northern Structure prison gang member and placement in the SHU is barred under the doctrine of res judicata. Accordingly, defendants' motion to dismiss should be granted, and their alternative arguments for dismissal need not be reached.

**II. Effect of Settlement Agreements on Plaintiff's Validation**

Plaintiff argues that even if his claims are barred by res judicata he is still entitled to relief because the validation process was deemed unconstitutional in Ashker v. Governor of the State of California, No. 4:09-cv-5796-CW (N.D. Cal.). He further argues that as a class member of the Ashker and Castillo settlement agreements he is entitled to relief from his unconstitutional validation.

The settlement in Ashker v. Governor of the State of California, No. 4:09-cv-5796-CW (N.D. Cal.) does not affect plaintiff's validation as a gang member and did not alter the "some evidence" standard. The Ashker settlement changes the criteria for segregated housing for gang affiliates and reduces the time most affiliates will spend in segregated housing. Santos v. Holland, No. 1:12-cv-1651 LJO EPG HC, 2017 WL 111627 at *14 (E.D. Cal. Jan. 10, 2017). However, it does not eliminate gang validations or the use of segregated housing for validated inmates who commit other misconduct.

Similarly, plaintiff's arguments regarding his status as a class member involved in the Castillo settlement does not show that he is entitled to relief. Garcia v. Stewart, No. C 06-6735 MMC (PR), 2009 WL 688887, *7 (N.D. Cal. March 16, 2009) (finding plaintiff not entitled to relief under § 1983 based on allegations that the procedures used to revalidate him did not comply with the Castillo settlement); Carranza v. Lewis, No. C 13-3337 YGR (PR), 2014 WL 2944082 at

*5 (N.D. Cal. June 30, 2014) (finding Castillo settlement agreement did not provide basis for a § 1983 claim because it was not a determination that there was any constitutional violation in the active/inactive review process and even if it did, a settlement agreement does not provide a right secured by the Constitution or laws of the United States, the violation of which is a necessary element of a section 1983 claim); Payne v. Cate, No. 2:12-cv-0243 JAM DAD P, 2015 WL 5734557 at *12-13 (E.D. Cal. Sept. 28, 2015) (finding plaintiff's claim that his validation did not comply with the procedures agreed to in Castillo Settlement not cognizable).

Further, the violation of consent decrees, settlements, or injunctions in other cases do not provide liability in a § 1983 case. See Frost v. Symington, 197 F.3d 348, 353 (9th Cir. 1999) (where litigant seeks enforcement of consent decree, litigant must proceed through class counsel in the action in which consent decree entered); Coleman v. Wilson, 912 F.Supp. 1282, 1294 (E.D. Cal. 1995) (same). Additionally, "alleged noncompliance with the agreement cannot be the basis for granting an individual inmate relief regarding his gang validation." Garcia v. Stewart, No. C 06-6735 MMC (PR), 2009 WL 688887, *7 (N.D. Cal. March 16, 2009), citing Castillo Settlement Agreement § 30c. Accordingly, plaintiff is not entitled to relief based on his claims that his validation did not comply with the Ashker and Castillo settlement agreements.

**III.    Leave to Amend**

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

In light of the authorities cited above, the undersigned finds that granting plaintiff leave to amend would be futile because his due process claim is barred by res judicata.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 16) be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 11, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders.Prisoner.Civil.Rights/ande1244.f&rs.mtd